## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL JONES, | ) | Case No. 1:21-cv-2135 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| WARDEN LEON HILL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

In 2019, a jury found Petitioner Darrell Jones guilty of one count of aggravated robbery, one count of possessing criminal tools, and two counts of robbery.  He was sentenced to 144 months in prison.  Mr. Jones petitions for a writ of habeas corpus, asserting nine grounds for relief.  The Magistrate Judge recommends that the Court deny his claim and dismiss Mr. Jones's petition.  Petitioner filed timely objections to the report and recommendation.  For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's recommendation, and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus.  The Court also **DECLINES** to issue a certificate of appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

This petition for a writ of habeas corpus arises from a conviction in State court.

### A.    Indictment, Trial, and Conviction

On January 22, 2019, Mr. Jones was charged in a multi-count indictment. (ECF No. 5-1, PageID #93–95.)  The charges included one count of aggravated robbery

with two firearm specifications under Section 2941.145 of the Ohio Revised Code (a mandatory, consecutive three-year sentence for brandishing a firearm) and Section 2941.141 (a mandatory, consecutive one-year sentence for having a firearm), one count of possessing criminal tools, and two counts of robbery with a firearm specification under Section 2941.141. (*Id.*) On January 25, 2019, Mr. Jones pled not guilty to all charges. (*Id.*, PageID #96.) Before trial, he moved to sever the counts for trial (*id.*, PageID #98), and the State trial court denied the motion (*id.*, PageID #121). At trial, the jury found Mr. Jones guilty on all counts but not guilty on the firearm specifications under Section 1941.141 (the one-year specification for having a firearm during the commission of an offense) and did not make a finding on the Section 2941.145 firearm specification (the three-year specification for brandishing a firearm). (*Id.*, PageID #122.)  Mr. Jones was sentenced to twelve years of imprisonment. (*Id.*, PageID #125.)

## B.    Direct Appeal

On appeal, Mr. Jones raised Mr. Jones raised two assignments of error: (1) the jury's verdict was contrary to the manifest weight of the evidence, and (2) the State trial court's failure to sever the counts, which involved separate robberies, prejudiced him. (*Id.*, PageID #135.)  Finding no merit to these assignments of error, the State appellate court affirmed the judgment and sentence. (*Id.*, PageID #172–85.)

Proceeding *pro se*, Mr. Jones sought discretionary review at the Ohio Supreme Court on September 8, 2020. (*Id.*, PageID #186.)  He did so asserting the same issues as he did in the State appellate court. (*Id.*, PageID #190.)  On November 10, 2020, the Ohio Supreme Court declined review. (*Id.*, PageID #234.)

### C.    Application to Reopen

On October 26, 2020, Mr. Jones filed an application to reopen his direct appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure.  (*Id.*, PageID #235.)  He raised twenty assignments of error.  (*Id.*, PageID #240–44.)  On March 23, 2021, the State appellate court denied his application, finding that Mr. Jones did not present arguments supporting his allegations or offer legal or rational bases for his claims. (*Id.*, PageID #270–81.)

Mr. Jones timely appealed the denial of his application to reopen to the Ohio Supreme Court.  (*Id.*, PageID #282.)  In his memorandum in support of jurisdiction, Mr. Jones raised sixteen propositions of law.  (*Id.*, PageID #295–304.)  On June 22, 2021, the Ohio Supreme Court declined review.  (*Id.*, PageID #319.)

### D.    Habeas Petition

On October 26, 2021, Mr. Jones filed this petition for a writ of habeas corpus, asserting nine grounds for relief:

1. Manifest weight of the evidence.

2. Improper joinder in violation of due process and the right to a fair trial by an impartial jury.

3. Ineffective assistance of appellate counsel.

4. Prosecutorial misconduct through the knowing presentation of false testimony.

5. Structural error in that the indictment failed to charge the requisite mens rea for robbery and the grand jury was presented with false evidence and perjured testimony to obtain an indictment, violating the

3

due process right to a fair trial and impartial jury and equal protection of the law.

6. Judicial error that fundamentally prejudiced Mr. Jones's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.  Specifically, the State trial court allowed the prosecution to engage in a pattern of misconduct that permeated the entire trial, and the State trial court failed to remain impartial and permitted this miscarriage of justice to go uncorrected.

7. The trial court committed plain error that prejudiced Mr. Jones's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 10 and 16 of the Ohio Constitution.

8. Prosecutorial misconduct through the presentation of false evidence and testimony to the grand jury.

9. Ineffective assistance of trial counsel.

(ECF No. 1, PageID #5–17.)

Under Local Rule 72.2, the case was referred to a Magistrate Judge, who issued a report and recommendation that the Court deny the petition on the grounds that: Ground One is non-cognizable or procedurally defaulted; Grounds Two and Three fail on the merits; and Grounds Four through Nine are procedurally defaulted.  (*See generally* ECF No. 14.)  Also, the Magistrate Judge recommended that the Court not

grant a certificate of appealability.  (*Id.*)  Petitioner generally objected to the Report and Recommendation in its entirety.  (ECF No. 17.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition" of a petition for a writ of habeas corpus.  28 U.S.C. § 636(b)(1)(B).  If a party timely objects to the report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Objections must be specific, not general, and should direct the Court's attention to a particular dispute.  *Howard v. Secretary of Health & Hum. Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation but only to address any specific objections that a party has advanced to some identified portion of it.  Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation *de novo*, based on the specific objections Petitioner raises.

Because Petitioner represents himself, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thomas,* 270 F.3d 292, 295 (6th Cir. 2001). Petitioner makes a general objection to the findings in the report and recommendation, which constitutes a waiver of any potential objections. *See Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that a general objection has the same effect as a failure to object).  Nevertheless, in the interest of justice, the Court will evaluate the merits of Petitioner's objections to the Magistrate Judge's report and recommendation.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus.  28 U.S.C. §§ 2241(c)(3) & 2254(a).  At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty.  *See, e.g., Brown v. Allen,* 344 U.S. 443, 463 (1953); *Powell v. Collins,* 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)); *Skaggs v Parker,* 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor,* 529 U.S. 362, 412 (2000). A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives as a different result. *Williams,* 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law differs from an incorrect application of federal law. *See Harrington v. Richter,* 562 U.S. 86, 101 (2011) (citing *Williams,* 529 U.S. at 410). A State court adjudication might involve an unreasonable application of Supreme Court precedent in one of two ways: (1) the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular State prisoner's case; or (2) the State court either unreasonably extends a legal principle from the

7

Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams,* 529 U.S. at 407.

## I.    **Ground One**

Petitioner argues that his convictions were against the manifest weight of the evidence.  (ECF No. 1, PageID #5.)  Respondent contends that this ground is non-cognizable because a manifest-weight-of-the-evidence claim arises under State law, not the Constitution.  (ECF No. 5, PageID #48–50.)  Respondent is correct.  Unlike a challenge to the sufficiency of the evidence, which raises federal constitutional issues, a claim challenging the manifest weight of the evidence arises under State law, and State-law claims are not cognizable in habeas.

Nonetheless, the Sixth Circuit has noted that "courts often consider a manifest-weight-of-the-evidence claim in a § 2254 petition to allege an insufficient-evidence claim . . . when . . . the petitioner is pro se." *Hoffman v. Lazaroff,* No. 18-3439, 2018 WL 5849894, at *3 (6th Cir. Sept. 17, 2018) (citing *Nash v. Eberlin,* 258 F. App'x 761, 764 n.4 (6th Cir. 2007)).  However, "the exhaustion doctrine requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004). The Magistrate Judge determined that, to the extent Ground One can be construed as a claim challenging the sufficiency of the evidence under the federal Constitution, that claim is procedurally defaulted because Petitioner did not raise and present it in State court.  Upon review of the record, the Court agrees.  Therefore, the Court finds

that Petitioner procedurally defaulted this claim and **OVERRULES** Petitioner's objections regarding Ground One.

## II.    Ground Two

Petitioner argues that the State trial court's failure to sever the charges violated his right to a fair trial and resulted in prejudice because evidence from the stronger cases was used to supplement weaker cases.  On direct appeal, the State appellate court found the evidence admissible under the State evidentiary rules even though the evidence of the crimes was separate and distinct.  *State v. Jones*, 2020-Ohio-3852, ¶¶ 37–43.

Habeas relief is only warranted on a severance claim under State law if the petitioner is denied due process of law under the Fourteenth Amendment because of the non-severance, and the petitioner shows actual prejudice.  *Davis v. Coyle,* 475 F.3d 761, 777 (6th Cir. 2007).  Here, the State appellate court determined that the trial court "did not abuse its discretion in joining the offenses for a single trial," nor did the denial of the severance motion prejudice Mr. Jones's rights.  *Jones,* 2020-Ohio-3852, ¶ 43.  In doing so, the State appellate court relied only on State law.

For that reason, the Magistrate Judge determined that Petitioner failed to show that the State court adjudication was contrary to clearly established Supreme Court precedent.  *See Coley v. Bagley,* 706 F.3d 741, 753 (6th Cir. 2013).  Accordingly, the Magistrate Judge recommended dismissal of Ground Two.  (ECF No. 14, PageID #1444.)  In his objection, Petitioner points to State law and cases from the Fifth, Sixth, and Eighth Circuits.  (ECF No. 17, PageID #1467.)  But Petitioner makes only a generalized claim of prejudice and fails to explain why the evidence admitted at trial

prejudiced him. In short, Petitioner fails to carry his burden of showing that the State appellate court's affirmance of the trial court's denial of the severance motion is contrary to Supreme Court precedent. For these reasons, the Court **OVERRULES** Petitioner's objections regarding Ground Two.

## III. Ground Three

On Ground Three, Petitioner argues that his appellate counsel was ineffective for failing to:

> accentuate the other genuine instead of the common arguable error stated on the direct appeal that involves minimal investigative work on the case, less discovery of pertinent issues of deception inconsistencies, fraudulent evidence, contaminated DNA, prosecutorial misconduct, police misconduct, judicial error, or structural error and biased jury also prosecutorial ABA standard violations.

(ECF No. 1, PageID #8.)

Both the State courts and the Magistrate Judge found that Petitioner's claim of ineffective assistance of appellate counsel lacked merit. (ECF No 14, PageID #1452.) Under *Strickland v. Washington*, 466 U.S. 668, 687 (1994), Petitioner must establish that (1) the performance of counsel was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) the ineffectiveness of the counsel prejudiced the petitioner's defense. Counsel enjoy a presumption that they discharge their duties in a sufficiently effective manner and exercise reasonable professional judgment based on the circumstances at the time. *Id.* at 690.

These standards also apply to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "[E]ffective appellate counsel should not raise every nonfrivolous

10

argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 582 U.S. 521, 533 (2017).  Counsel performs deficiently in declining to raise an issue on appeal only where the issue he failed to raise is clearly stronger than the claims actually raised.  *Id.*  To establish prejudice for ineffective appellate counsel, a petitioner must show that, but for his counsel's "unreasonable failure to raise a claim, he would have prevailed on his appeal." *Gordon v. May*, No. 22-4003, 2023 WL 3719069, at *4 (6th Cir. Apr. 25, 2023) (citation omitted).

Petitioner does not explain how the State appellate court's decision was contrary to or an unreasonable application of *Strickland*.  Further, the Court's independent review of the record does not reveal any violation of Petitioner's substantial rights.  Nothing in the record overcomes the presumption that counsel discharge their duties in a sufficiently effective manner or shows that the State courts applied the *Strickland* standard unreasonably or contrary to clearly established law. Nor can Petitioner show prejudice from his appellate counsel's performance.  For these reasons, the Court **OVERRULES** Petitioner's objections regarding Ground Three.

## IV.  Grounds Four through Nine

Petitioner alleges in Grounds Four and Eight that prosecutorial misconduct occurred.  (ECF No. 1, PageID #10, 13–14.)  Ground Six alleges judicial error based on the trial judge's allowance of the alleged prosecutorial misconduct and for failure to be impartial. (*Id.*, PageID #11–12.)  Ground Seven alleges that the trial court committed plain error through various aspects of managing the trial.  (*Id.*, PageID

#12–13.)  Ground Nine alleges ineffective assistance of trial counsel.  (*Id.*, PageID #14–16).  Respondent argues that all of these grounds are procedurally defaulted.

Generally, a petitioner must demonstrate that he has "exhaust[ed] all available opportunities to pursue his claim in state court." *Gerth v. Warden, Allen Oakwood Corr. Inst.,* 938 F.3d 821, 826–27 (6th Cir. 2019).  Further, a federal court may not consider a habeas petition from a State prisoner unless he has presented his claim to the State courts in accordance with their procedural rules.  *See Shinn v. Ramirez,* 142 S.Ct. 1718, 1727 (2022).  A petitioner may procedurally default a claim by failing to raise it in State court and pursue it through the State's appellate review procedures.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).  If State law no longer allows the petitioner to raise or appeal the claim at the time of the habeas petition, the claim is procedurally defaulted.  *Id.*; *see also Shinn,* 142 S.Ct. at 1727–28.  A court may excuse a procedural default where the petitioner can show that an external factor prevented him from complying with the procedural rule at issue, through no fault of his own, and that the alleged constitutional violation resulted in actual prejudice.  *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

Respondent argues that Petitioner's application to reopen his appeal was the inappropriate mechanism for raising his claims for ineffective assistance of counsel.  (ECF No.5, PageID #60.)  Because these claims rely on evidence not evident from the record, Petitioner needed to raise them in a petition for postconviction relief.  But he did not pursue such a petition.  Therefore, Petitioner has failed to exhaust these claims, and they are procedurally defaulted.

The Magistrate Judge determined that, on direct appeal, Petitioner only argued two claims:  (1) his manifest-weight-of-the-evidence claim; and (2) his claim that the State trial court erred in declining to sever the robbery counts.  (ECF No. 14, PageID #1435.)  Because Petitioner failed to raise on direct appeal the additional claims he asserted when he sought discretionary review at the Ohio Supreme Court, any claims other than the two he raised on the merits were not properly presented to the Ohio Supreme Court, which did not address their merits in any event.  Therefore, they are procedurally barred.  *See Moore v. Edwards*, No. 23-3844, 2024 WL 1636585 at *3 (6th Cir. Apr. 1, 2024) (finding the petitioner's claims procedurally barred where he raised them for the first time at the Ohio Supreme Court); *State v. Jester*, 32 Ohio St. 3d 147, 512 N.E.2d 962, 970 (1987).  Because "a Rule 26(B) application preserves only ineffective-assistance-of-appellate-counsel claims, not the underlying substantive claims," Petitioner has not presented these claims to the State court according to their procedural rules.  *Somers v. Forshey,* No. 20-3690, 2020 WL 7706399, at *2 (6th Cir. Oct. 1, 2020) (citing *Wogenstahl v. Mitchell,* 688 F.3d 307, 338 (6th Cir. 2012)).  Therefore, Grounds Four through Nine are procedurally defaulted.

Further, the Court agrees with the Magistrate Judge's determination that Petitioner failed to show either cause and prejudice or actual innocence as a justification for excusing the procedural default.  Petitioner had sufficient time (365 days from the date the transcript was filed in his direct appeal) to file a petition for post-conviction relief.  Ohio Rev. Code § 2953.21(A)(2)(a).  Petitioner fails to offer any

explanation for his failure to pursue these claims during the entirety of that period. For these reasons, the Court **OVERRULES** Petitioner's objections regarding Grounds Four through Nine.

## V. Certificate of Appealability

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding.  28 U.S.C.S. § 2253(c)(2).  A petitioner need not show that the appeal would succeed to be eligible to obtain a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  However, the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  Under this standard, Petitioner does not qualify for a certificate of appealability.  Therefore, the Court declines to issue one.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 17), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus. Further, the Court **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated: January 3, 2024

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio